IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

ERIKA MCLAUGHLIN, )
)
)
)
Plaintiff, )
)
vs. )
)
)
OWASSO WINGS LLC, )
)
Defendants.

DISTRICT COURT
**FILED**

OCT 05 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

District Judge:
Case No.:

**CJ-2022-03035**

Caroline E. Wall

ATTORNEY LIEN CLAIMED

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, the Plaintiff, Erika McLaughlin, by and through her attorneys of record, Patrick L. Adams, of the Adams Law Office, PLLC, and Mark Stanley of Stanley and Morgan, and brings this action against the Defendants, Owasso Wings LLC, an Oklahoma Corporation for violations of her constitutionally protected rights arising out of his employment and termination from employment by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma, Tulsa, County.

2. Defendant Owasso Wings Inc. (hereinafter "Owasso Wings"), is a Limited Liability Company operated in Owasso, Oklahoma, County of Tulsa and regularly employs more than 15 people.

3. This is an action for damages and to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000-2 hereinafter (Title VII).

1

EXHIBIT 1

4. Plaintiff filed a charge of discrimination with the EEOC claiming sexual harassment quid pro quo, retaliation and a hostile work environment. A notice of Right to Sue (see atttached) was received by Plaintiff. This petition has been filed within 90 days of the receipt of notice. As such, all conditions precedent to filing of this lawsuit have been fulfilled.

5. Jurisdiction of the Court is proper under 25 O.S. 1301 et. seq and § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). In addition, Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. 1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6. Compensatory Damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7. Costs and Attorney's Fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8. Punitive Damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9. This action lies properly in Tulsa County because the Defendants conduct regular business in Tulsa County and it is the County in where the Constitutional violations occurred.

**CAUSE OF ACTION 1: SEXUAL HARRASSMENT, HOSTILE WORK ENVIRONMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST BOTH DEFENDANTS**

**FACTS**

10. Scott Hamilton (manager) started managing the Buffalo Wild Wings at Owasso in October of 2017. Within a week of being the manager, he was saying inappropriate things to female employee's the Plaintiff being his primary target.

11. He would walk behind Erika and say "Damn, that ass sure looks good in spandex."

12. He would draw close to her neck, start sniffing and then say, "you smell delicious, I would love to sample you."

13. The first time he said that, Erika responded with "should a manager be talking like that?" he responded with "yes, to you."

14. After a couple of weeks, he progressed in his targeting of Erika for sex.

15. He began inviting her to his house. He told her that he would like to get to know her on a more personal level. She again informed him that she is not interested in him. Further, that he was an ex-cop and she, being on probation did not trust the police. He responded with "it could get real kinky playing cops and robbers." She continued to decline his offers.

16. He continued in his pursuit offering her better positions for sex.

17. He told her that he could "fix" her liquor license issue if she would do him sexual favors.

18. He then informed her that if she refused then she would be fired, and he would make it difficult for her to find another job

19. if she gave him what he wanted, sex, he would get her behind the bar, make sure that she had the big parties that came in, the shifts she wanted, the sections she wanted and a liquor license to back her up. She gave in and they had sex that night.

20. Shortly after the night at his house, the ex-cop provided her with a liquor license.

21. "don't worry about it, I worked it out with the ABLE commission."

22. She began tending bar, getting the big parties and would give her the best sections on "fight night." She began making more money with all the preferential treatment she was receiving in exchange for sex.

23. On occasions where she would refuse to have sex with him, she would tell him she was busy working at another job at Grand Lake. He would show up at that restaurant to make sure she was working. The harassment turned into stalking. Every time he would appear, he would give her $200 and say "there's much more where that came from if you keep up your end of the deal."

24. The more she resisted and tried to escape the situation without losing her job, the more threatening he became.

25. At one point telling her that the Liquor license was fake and that if she continued to refuse to have sex with him he would turn her into the Federal authorities and have her thrown back in prison.

26. It continues. One day in January, when it was extremely cold outside, she went out for a smoke break. Scott Hamilton handed her a scarf on her way out the door. When she returned, she gave it back to him. He then stated, "I am never washing this again, I'm going to take Candie's lotion into the bathroom and jerk off to your scent."

27. Erika walked away disgusted as usual. Further, he would continually wait until she was at a server station ringing in orders when he would come up behind her and grab her butt

28. One particular day, when Erika was frustrated with the situation, she finally told him to just leave her alone and let her do her job. From that point forward, as she

attempted to avoid him as much as possible, he became very angry and mean to Erika, her friends at work and her niece who also worked at that store. The very next day, he began screaming at her niece in front of staff and customers. Erika immediately cashed out and quit.

29. WHEREFORE, Plaintiff prays for judgement against the Defendants for:

   a. Back pay and lost benefits;
   b. Compensatory damages for mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive Damages foe the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
   d. His attorney's fees and costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars $75,000.00, with interest accruing from the date of filing suit, punitive damages in excess of Seventy-Five Thousand Dollars $75,000.00, back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, equitable relief including reinstatement if feasible liquidated damages, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

ATTORNEY FEE CLAIMED

JURY TRIAL DEMANDED

Respectfully submitted,

*[signature]*

Patrick L. Adams
Adams Law Office, PLLC
State Bar No. 19302
7170 S. Braden Ave. Suite 195
Tulsa, OK 74136
918-587-8700
918-587-3343 Fax
ATTORNEY FOR PLAINTIFF

EEOC Form 161 (11/16)            U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Erika S. McLaughlin
10895 N. 170th E. Ave.
Owasso, OK 74055

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 564-2018-02052
EEOC Representative: Tamra R. James, Investigator
Telephone No.: (405) 231-5745

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_ for Holly Waldron Cole, Area Office Director

Date Mailed: 11/21/2019

Enclosures(s)

cc:  Jeromy Howard, Director
Owasso Wings LLC
8045 SW 36th Street
Oklahoma City, OK 73139

Patrick L. Adams, Attorney
ADAMS LAW OFFICE
525 S. Main St., Suite 535
Tulsa, OK 74103